HIBBARD, SPENCER, BARTLETT & COMPANY, etc.,
   Appellants, v. H. M. HECKART, Defendant; JULIA
   B. HECKART, Respondent.

### St. Louis Court of Appeals, April 23, 1901.

1. **Execution**: PROPERTY CLAIMED BY THIRD PARTY: TRIAL OF RIGHTS OF PROPERTY: FRAUD. The trial court, after hearing all the evidence on the part of plaintiff, *held* that there was no evidence of fraud on the part of claimant, and instructed a verdict to be returned in her favor.

2. ———: ———: ASSIGNMENT: FRAUD. The fact that the trustee in the deed of assignment employed the husband of claimant to continue the business at the same place after the assignment, if illegal, was not the act of the claimant, Mrs. Heckart, and she can not be held responsible for such act.

3. ———: ———: ———: AN INSOLVENT HUSBAND MAY WORK FOR WIFE. An insolvent husband may give his time and attention to the management of his wife's business without subjecting his wife's property, or income from her business, to the payment of his individual debts.

Appeal from Greene Circuit Court.—*Hon. James Tilford
Neville,* Judge.

AFFIRMED.

*Heffernan & Heffernan* for appellants.

(1)   Change of possession must be open, notorious and unequivocal, so as not to mislead the public, and be made within reasonable time. R. S. 1899, sec. 3410; Claflin v. Rosenberg, 42 Mo. 439; Burgert v. Borchert, 59 Mo. 80; Lesen

v. Herriford, 44 Mo. 323; Stern v. Henley, 68 Mo. 263. Where the undisputed facts in proof show that the change of possession is not in compliance with the mandates of the statute, it should be declared fraudulent by the court as a matter of law. Wright v. McCormick, 67 Mo. 426; Stewart v. Bergstorn, 79 Mo. 524; State ex rel. v. Gaetz, 131 Mo. 675. (2) Dealings with wife are always watched with considerable jealousy on account of the relative situation of the parties, and the convenient cover they afford to a debtor to protect his property and impose upon his creditors. Bump Fraud. Conv. (2 Ed.), 306; Besson v. Eveland, 26 N. J. Eq. 468; Humes v. Scruggs, 94 U. S. 22. (3) A purchase of land by the wife of a judgment and execution against her husband, will be deemed fraudulent if made in furtherance of a prior fraud. Benne v. Schnecko, 100 Mo. 251. (4) Interpleader is not an innocent purchaser. Young v. Schofield, 132 Mo. 650. Because Heckart assigned only part of his property. Bump on Fraud. Conv. (2 Ed.), p. 429. (5.) When it appears in the deeds of assignment that the conveyance is made for the use of the assignor, or, proven *aliunde,* it is the duty of the court to declare the assignment void, without submitting the case to a jury. Goodrich v. Downs, 6 Hill, 438-415; Alberger et al. v. White et al., 117 Mo. 347; Bump on Fraud. Conv. (2 Ed.), pp. 208, 375, 391, 392, 395. (6) The trustee and Heckart compounded with some of the creditors and paid them out of the proceeds arising from the sale of the goods assigned. State ex rel. v. Benoist, 37 Mo. 500, 512, 513; R. S. 1899, sec. 3398.

*Mann, Sebree & Farrington* for interpleader.

(1) Where a business is acquired by a wife with her

Vol 88 app—35

money or upon her credit, neither the property nor the income therefrom will be subject to the claims of creditors of the husband even though the husband devote his time and attention to the management of the business. Seay v. Sease, 123 Mo. 450; Siegal v. Quigley, 119 Mo. 76; Mayes v. Kieser, 85 Wis. 382; Gage v. Dancly, 34 N. Y. 293; Grunor v. Scholz, 154 Mo. 415.

BLAND, P. J.—In the spring of 1900 the plaintiff in this case, Hibbard, Spencer, Bartlett & Co., had an execution issued from the office of the clerk of the circuit court of Greene county, Missouri, on a judgment said firm had against H. M. Heckart and which judgment was obtained several years ago. Acting under the instructions of plaintiff's attorney, the sheriff of Greene county levied on certain watches, rings and other articles of jewelry, and also some showcases contained in the store claimed to be owned by Mrs. J. B. Heckart, wife of the defendant in the execution, H. M. Heckart. After the levy Mrs. Heckart filed her sworn claim to the property, properly verified by affidavit as approved by statute. She also gave a bond and the sheriff released the levy. After the property had been turned over to Mrs. Heckart by the sheriff, H. M. Heckart, her husband, filed a petition to be adjudged a bankrupt and was so adjudged, and a trustee of his estate was appointed. At the October term of the Greene Circuit Court the plaintiffs, Hibbard, Spencer, Bartlett & Co. had the trustee in bankruptcy for H. M. Heckart also made a party plaintiff, and to Mrs. Heckart's claim they filed answer denying her ownership of the goods levied on. A jury was impanelled and on this issue as to whether the property belonged to Mrs. Heckart or to her husband, H. M. Heckart, or as to whether it had been transferred to Mrs. Heckart by H. M. Heckart for the purpose of defrauding his creditors, the case went to trial. The court,

after permitting an exceedingly liberal examination of the witnesses on the part of the plaintiff and hearing everything he had to offer, held that there was no evidence of fraud, and instructed a verdict in favor of the interpleader, from which plaintiff has appealed.

The evidence shows that for the past fifteen or twenty years Henry M. Heckart, the defendant in the execution, was a jeweler engaged in business at Springfield. During the year 1896 he became financially involved and was unable to meet his obligations and in December he executed a chattel mortgage or deed of trust to secure some two or three thousand dollars to the National Exchange Bank and placed the trustee in possession of his goods. A day or two after executing this deed of trust he also executed a deed of general assignment for the benefit of all his creditors and named John O'Day as assignee, and the assignee took possession of the goods assigned subject to the deed of trust that had been previously given. Mr. O'Day, the trustee, employed the defendant, Heckart, and also the clerks in the store who were familiar with the business, to sell the goods at retail for about thirty days as provided by the deed of trust, and during the time this retail sale was going on a part of the proceeds were used in purchasing such articles as were necessary to enable them more readily to sell the goods. Sometime in January, 1897, after this retail sale had been going on a few weeks, and when the debt of the National Exchange Bank had been reduced to seven or eight hundred dollars, Col. O'Day, the assignee filled a petition in the circuit court for an order to dispose of the entire stock of goods at public sale as assignee. The circuit court made order directing him to advertise the stock and sell it to the highest bidder for cash. He did advertise and at the public sale Mrs. J. B. Heckart, wife of the defendant, purchased the goods through one John Smith, a friend, and the purchase price of $2,250 was

paid over to the assignee and disbursed to the creditors of H. M. Heckart under the supervision of the circuit court, and the sale duly approved by the court. The assignee turned the possession of the stock of goods over to Mrs. Heckart and she took charge of it; and from the time of said sale in 1897 until the time of this levy in the year 1900, this business has been run in her name. All new goods purchased were ordered in her name, and a large part of the time she has personally stayed in the store and assisted in conducting the business. Mr. Heckart, her husband, has remained in the store and managed or assisted her in running this business, and as the testimony shows, without salary or compensation except what was required for the family use. It further appears from the evidence that Mrs. Heckart had no ready money with which to purchase the stock of jewelry, but that she was possessed of real estate in her own right, situated in the city of Springfield, of the value of thirty-six or thirty-eight hundred dollars; that to enable her to make the purchase she made an arrangement with the Exchange Bank to borrow the money on her individual credit if she became the purchaser of the goods for not exceeding twenty-five hundred to three thousand dollars; that after she purchased the goods at the trustee's sale, she, with her husband, executed a note to the Exchange Bank for the amount of her bid, $2,250, which was paid over to the trustee and distributed to Heckart's creditors, that the credit was given by the bank exclusively to Mrs. Heckart; that the note had been renewed on several occasions, but that her husband did not sign all of the renewal notes and his signature was not on the one held by the bank for a balance of $1,500, at the time of the trial. The deed of assignment was attacked for fraud and there was a great deal of evidence offered by appellant with a view of showing that Heckart had made conveyances of other property a short time before making the general

assignment, without consideration, and that he had withheld some of his property from the deed of assignment. Also, evidence was offered with a view of showing that, after the assignment, and after the sale thereunder, Heckart continued in the control and management of the jewelry store. The evidence has some slight tendency to throw some suspicion on Heckart's actions in some of the transactions had while the store was in the possession of the trustee and before the sale, but there is not a ray of proof to create the semblance of a suspicion of fraud or collusion with her husband on the part of Mrs. Heckart, from the day she purchased at the trustee's sale, down to the day of the trial, nor to show knowledge of, much less participation in any fraudulent transactions or purposes (if any there were), on the part of her husband, to defraud his creditors, at the time of or subsequent to the sale. On the contrary, the evidence shows the utmost good faith on her part, and that she acquired the goods with her own money, or what is the same thing, money borrowed by her out of the bank on her individual credit. Nor is the deed of assignment fraudulent on its face, as contended by appellants. It conveys, subject to the debts secured by the previous chattel mortgages, all of the debtor's property, except his statutory exemptions, for the benefit of all his creditors. The fact that the trustee employed Heckart and other clerks to continue the retail business after the assign-- ment, if illegal or improper, was not the act of Mrs. Heckart, and she is not responsible for the wrong if wrong it was. But it substantially appears that this action of the trustee was required by the terms of the chattel mortgage, and that it was approved by the circuit court, under whose supervision the assignee acted. The circumstance that Heckart is employed by his wife without salary, as salesman, or as general manager of her business, is not a fraud against creditors, nor does it prove that Heckart is the real owner of the store. In this

State, an insolvent husband may give his time and attention to the management of his wife's business, without subjecting his wife's property or the income from her business to the payment of his individual debts. Seay v. Hesse, 123 Mo. 450; First Nat'l Bank v. Simpson, 152 Mo. 638; Johnson v. Christie, 79 Mo. App. 46; State ex rel. v. Jones, 3 App. Rep. 197.

Numerous exceptions were saved to the rulings of the court on the rejection of evidence offered by appellants. The rejected evidence had no tendency to impeach the validity of Mrs. Heckart's title to the goods, and appellants were not prejudiced by its exclusion.

Discovering no error prejudicial to the appellants, the judgment is affirmed. Judge *Bond* concurs; Judge *Goode* not sitting.